A93A0602. RUTH v. THE STATE.
(431 SE2d 127)

McMurray, Presiding Judge.

Defendant was convicted of robbery and sentenced to 20 years in confinement. Following the denial of his motion for a new trial, he appeals. *Held*:

In his sole enumeration of error, defendant contends his constitutional rights were violated when he was cross-examined for impeachment purposes about his silence (to police) after being advised of his *Miranda* rights. See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). "If such had erroneously been allowed despite timely and proper objection, the case would have to be reversed unless the state could show that the error was harmless beyond a reasonable doubt. [Cits.] However, . . . defendant . . . did not object . . . to the introduction of evidence of silence. . . . Thus, the trial court was not put on notice about the defendant's objections, or given an opportunity to respond to the objections in a timely manner. [Cit.] . . . Here, any possible claim of error was procedurally defaulted. [Cit.]" *Black v. State*, 261 Ga. 791, 793 (1a) (410 SE2d 740).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

*Mark B. Beberman*, for appellant.
*Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney*, for appellee.